Rhode Island Hospital Trust Company *vs.* Mary R. Peckham *et al.*

PROVIDENCE—DECEMBER 30, 1897.

Present: Matteson, C. J., Stiness and Tillinghast, JJ.

S. devised the income of all his property to his two daughters during their lives, with the provision that "should either of them die the survivor shall take what "would belong to the deceased during her natural life, and her children if she "has any; and should they die without leaving any children the property shall "descend, . . . . but should either or both have children they shall inherit "what I gave to their parents." One of the daughters died intestate leaving a husband, who waived any claim he might have, and one child:—

*Held*, that it was the intent of the testator to divide the income of the estate equally between the two daughters during their lives, with remainder in fee in equal shares to the children of each, and in default of children of either that the whole estate should go to the other and her children, and in default of children of both the whole estate should descend as provided in the will.

*Held*, further, that the child of the deceased daughter became entitled in fee to one-half of the estate.

*Held*, further, that as it did not appear that the deceased daughter owed any debts at the time she died, and as her husband had waived his claims, and no administration had been granted on her estate, there was no occasion for apportionment of the income that had accrued between the date of the last payment thereof and the time of her death.

Petition in Equity to obtain construction of a will.

Matteson, C. J. This is a bill to obtain a construction of the will of Samuel Staples, Jr., formerly of Providence, deceased, on whose estate the complainant is administrator with the will annexed. The material portions of the will are, "Thirdly, I give and bequeath all my property, real and personal, the income of it to my natural children Mary A.

Staples and Isabella F. Staples, who are now at school at Essex, State of Connecticut, during their lives, and should either of them die the survivor shall take what would belong to the deceased during her natural life and her children if she has any ; and should they die without leaving any children, the property shall descend as the law provides to my blood, and not to any one who might claim blood akin to my said children ; but should either or both have children, they shall inherit what I gave to their parents."

The respondent Mary R. Peckham is the widow of Emory H. Peckham, and is the Mary A. Staples named in the will. Isabella F. Staples, the other legatee named in the will, married William H. Calder and died intestate May 22, 1897, leaving her husband, the said William H. Calder, and her only child, George B. Calder, 2d., surviving her, both of whom are also respondents to the bill.

No administrator has been appointed on the estate of said Isabella.

During the life of Isabella the complainant paid the net income of the estate in equal shares to her and to the respondent Mary R. Peckham, the last payment having been made February 10, 1897.

The complainant submits two questions : (1) Whether the net income is now payable one-half to said Mary R. Peckham and the other half to said George B. Calder, 2d., as claimed by him, or whether the whole is now payable to said Mary R. Peckham, as claimed by her. (2) Whether such income as has accrued or was received by the complainant after February 10, 1897, shall be apportioned to the date of the death of Isabella, May 22, 1897, and, if so, to whom the income so apportioned shall be paid.

We think that it is apparent that the intent of the testator was to divide the income of the estate equally between the two daughters during their lives, with remainder in fee in equal shares to the children of each, and in default of children of either that the whole estate should go to the other and her children, and in default of children of both the whole estate should go to the testator's own heirs, to the ex-

clusion of the blood of the mother of the children. The only doubt concerning this intent arises from the language of the first clause " and should either of them die the survivor shall take what would belong to the deceased during her natural life and her children if she has any." We think that in this clause the testator was contemplating the death of one of his daughters without leaving a child or children, and that it should be.construed as if it read "and should either of them die without leaving a child or children the survivor shall take," &c. This construction makes it consistent with the subsequent provision, "but should either or both have children, they shall inherit what I gave to their parents." At the time of the execution of the will, the daughters, as the will shows. were children at school. The first contingency which was presented to the testator's mind, after having given them the income for life, was the possibility that one of them might die childless, and he proceeds to dispose of her portion of the estate by a gift over to the survivor for life, and to her children if she has any. It is true that he omits to say in terms that the gift over is on condition of the death of the daughter without leaving a child or children ; but we think that it is sufficiently evident that he had it in mind, for in the next provision he proceeds to dispose of the estate on the contingency that *both* shall die without leaving any children, to wit, that the property shall descend as the law provides, to his blood, and finally goes on to provide that in case either or both shall have children the children shall take what is given to their parents, which last provision, as we have seen, would be inconsistent with the provision under consideration unless the child contemplated as dying should have died childless. Our opinion, therefore, is that, on the death of his mother, George B. Calder, 2d., became entitled in fee to one-half of the estate, the income of which she was entitled to during her life. We accordingly answer to the first question that the net income of the estate is .to be paid one-half to said Mary R. Peckham and one-half to the said George B. Calder, 2d.

The bill does not show that the deceased, Isabella F. Calder,

owed any debts at her decease. It states that no administration had been granted on her estate. Her husband, William H. Calder, by his answer waives all claims that he might have to her estate. In this state of facts we see no occasion for the apportionment inquired about in the second question, and hence no necessity for an answer to that question.

*James Tillinghast*, for petitioner.

*William R. Tillinghast and Warren R. Perce*, for the parties in interest.